Adrianne **REED–GOSS,** Plaintiff–Appellant,

v.

Michael J. **ASTRUE, Commissioner of Social Security,** Defendant–Appellee.

No. 07–35477.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2008.

Filed Aug. 25, 2008.

Paul Bradford Eaglin, Eaglin Law Office, Fairbanks, AK, for Plaintiff–Appellant.

Richard A. Morris, Esquire, Social Security Administration Office of the General Counsel, Seattle, WA, Richard L. Pomeroy, Esquire, Office of the U.S. Attorney, Anchorage, AK, for Defendant–Appellee.

Before: D.W. NELSON, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM *

Adrianne Reed–Goss applied for Disability Insurance Benefits and Supplemental Social Security Income payments under Titles II and XVI of the Social Security Act, 42 U.S.C. § § 401 *et seq.* and 1381 *et seq.*, based on chronic knee problems exacerbated by a fall. We have jurisdiction under 28 U.S.C. § 1291 to review the district court's affirmance of the Administrative Law Judge's ("ALJ") finding of nondisability, and we affirm.

Reed–Goss contends that the ALJ committed legal error in his application of the five-step disability evaluation process set forth in 20 C.F.R. § 404.1520. First, Reed–Goss contends that the ALJ erred at step two when he determined that her only severe impairment was degenerative joint disease. Where the ALJ fails to discuss the severity of all of a claimant's impairments at step two, there is a danger that his analysis at steps three through five might be inaccurate. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996). In this case, however, the ALJ proceeded to steps three through five and considered the cumulative effect of Reed–Goss' medically-supported symptoms; thus, any error was harmless. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir.2005); *cf. Smolen*, 80 F.3d at 1290 (describing step two as a "de minimis screening device to dispose of groundless claims").

Next, Reed–Goss contends that her impairments met or equaled the descriptions of impairments 1.02 and 1.03, listed in 20 C.F.R. pt. 404, subpt. P, app. 1. "To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999); 20 C.F.R. §§ 404.1525; 416.925. Reed–Goss fails to point to medical evidence in the record establishing every characteristic of these listings. In particular, Reed–Goss cannot establish that she suffered from an "inability to ambulate effectively" under listings 1.02(A) and 1.03, because she testified that she could walk without using a cane on good days, and that she only used the cane "for protection" in case her knee gave way. *Cf.* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00(B)(2)(b)(1) (defining the inability to ambulate effectively as "having insufficient lower extremity functioning ... to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of *both* upper extremities") (emphasis added). Further, Reed–Goss' failure to present a viable basis upon which equivalency could be found relieved the ALJ of his duty to present a detailed explanation of his nonequivalency finding. *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir.2001); *see also Burch*, 400 F.3d at 683.

Finally, Reed–Goss contends that the ALJ's failure at step two to discuss impairments other than her degenerative joint disease resulted in various errors at step five, including an erroneous residual functional capacity ("RFC") determination and a faulty hypothetical presented to the vocational expert. However, the RFC assessment performed by Dr. Shanker L. Gupta, and relied upon by the ALJ, considered the other impairments claimed by Reed–Goss, and was therefore supported by substantial evidence. Further, "in hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir.2006). Drawing from Dr.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Gupta's findings, as well as the other medical records, the ALJ correctly omitted the alleged impairments that were not shown to have an effect on her ability to work. Having determined that the RFC was not erroneous, it follows that the hypothetical, which was based on the RFC, was adequate.

Reed–Goss' claim that the ALJ failed to discuss her alleged inability to perform work on a sustained basis was not raised in the district court and is therefore waived. *See Edlund v. Massanari,* 253 F.3d 1152, 1160 n.9 (9th Cir.2001).

**AFFIRMED.**